Jason B. Lattimore
**The Law Office Of**
**JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile: (973) 264-1159

*Attorney for Plaintiff,*
*Interlink Products International, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERLINK PRODUCTS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOEN INCORPORATED, <br><br> Defendant. | Case No: <br> CIVIL ACTION <br><br><br> **COMPLAINT &** <br> **JURY TRIAL DEMAND** |

Plaintiff, Interlink Products International, Inc. (hereinafter "Interlink" or "Plaintiff"), by and through its undersigned attorney, hereby complains of Defendant, Moen Incorporated ("Defendant"), as follows:

### THE PARTIES

1. Plaintiff is a New Jersey corporation with its principal place of business at 1315 East Elizabeth Avenue, Linden, New Jersey 07036.

2. On information and belief, Defendant is a Delaware corporation with its principal place of business at 25300 Al Moen Drive, North Olmsted, Ohio 44070.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims alleged pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Defendant in that it does business regularly in this district and the claims at issue in this case arise out of or are related to Defendant's business activities with respect to this district.  Defendant regularly offers for sale, ships and sells, to customers located in New Jersey, products that are the subject of the infringement allegations in this Complaint.  Defendant also regularly places the infringing products at issue into the stream of commerce through established relationships with retailers selling its products in New Jersey and with full awareness that substantial quantities of the infringing products will be sold in New Jersey.  Defendant thus purposely directs its business activities to this forum and the claims herein thereby arise out of and relate to such business activities.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c).

## CLAIM FOR INFRINGMENT OF
## U.S. PATENT NO. 7,299,510

6. Plaintiff, Interlink, is a New Jersey based research & development company specializing in the development, manufacturing and marketing of, among other products, innovative consumer products in the shower and bath categories.  The company was founded in 1996 and built on conceptual and technological innovation, high product quality and excellence in customer service.

7. Interlink's products include several lines of showerheads that can be purchased from various retailers both in stores and online.

8. Defendant competes directly with Interlink in the wholesale and retail showerhead markets, including the market for dual showerhead products.

9. Defendant's dual showerhead products are sold under the "Moen" brand.

10. The dual showerhead products sold by Defendant consist of two separate showerheads (one a fixed showerhead and the other a handheld sprayer showerhead) packaged with a device (hereinafter, "Holder/Diverter") that serves both as a holder for the handheld sprayer and a water diverter controlling the flow of water to each of the showerheads. The Holder/Diverter has, among other features, an inlet for water to flow into the device, two outlets for water to flow out, a valve for controlling water flow to the two outlets, and a holder for the handheld sprayer. The fixed showerhead attaches to one of the outlets and a hose connects the handheld sprayer to the other outlet. The user can direct the flow of water to either or both of the showerheads using a knob on the Holder/Diverter. As sold to customers, Defendant's dual showerhead products are packaged such that the Holder/Diverter must be connected to the fixed showerhead and handheld sprayer at the time of installation. Images reflecting examples of Defendant's dual showerhead products that are at issue in this lawsuit are attached as Exhibit A.

11. On November 27, 2007, United States Patent No. 7,299,510 ("the '510 Patent") was issued to Pi Kuang Tsai ("Tsai"). In general terms, the '510 Patent describes an invention centering on a water diverter that is combined with a showerhead holder.

12. On November 17, 2015, Interlink acquired, by assignment from Tsai, all right, title and interest in and to the '510 Patent, including the right to sue for past infringement of the '510 Patent and collect damages associated with such infringement. The assignment has been recorded with the United States Patent & Trademark Office and Interlink remains the owner of

all right title and interest in and to the '510 Patent. A copy of the '510 Patent is attached as Exhibit B.

13. Defendant imports and sells its dual showerhead products.

14. Moen dual showerhead models 25501SRN, 25011SRN, 26310 and any other of Defendant's dual showerhead products employing Holder/Diverters that are identical or equivalent to the Holder/Diverters used in those models embody all elements of at least claims 1, 2, 3, 4, 9 and 10 of the '510 Patent. Moen dual showerhead model 20016 and any other of Defendant's dual showerhead products employing Holder/Diverters that are identical or equivalent to the Holder/Diverter used in that model embody all elements of at least claim 3 of the '510 Patent. Moen dual showerhead models 21005, 21117, 26070, 26050SRN and any other of Defendant's dual showerhead products employing Holder/Diverters that are identical or equivalent to the Holder/Diverters used in those models embody all elements of at least claim 11 of the '510 Patent. Each of the products referenced in this paragraph, including all products employing Holder/Diverters that are identical or equivalent to the Holder/Diverters used in the models specifically identified herein, are referred to hereinafter as the "Moen Showerheads").

15. Each of the Moen Showerheads is sold as a completed machine. The Moen Showerheads are designed to be assembled before operation, are sold ready for assembly and serve no useful non-infringing purpose. The components thereof cannot be assembled or combined into any ordinary or practical device that does not infringe one or more claims of the '510 Patent. On information and belief, the foregoing products are also imported by Defendant ready for assembly.

16. Defendant has directly infringed the aforementioned claims of the '510 Patent by importing, selling and offering for sale the Moen Showerheads. To the extent Defendant

manufactures, assembles or operates the Moen Showerheads, Defendant also infringes the '510 Patent by making and using the infringing items.

17. As an alternative basis for liability with respect to the Moen Showerheads accused of infringing claims 1, 2, 4 and 9, Defendant also contributorily infringes the '510 Patent as to those items by importing and selling the Holder/Diverters used in the Moen Showerheads (hereinafter, the "Moen Diverters"). The Moen Diverters embody a material component of at least claims 1, 2, 4 and 9 of the '510 Patent. The Moen Diverters embody all elements of claims 1, 2, 4 and 9 except that, considered alone, they do not include a sprayer nozzle attached to the second outlet (as referenced in claims 1, 2, 4 and 9) or a showerhead attached to the first outlet (as referenced in claim 4).

18. The Moen Diverters are not a staple article or commodity of commerce suitable for substantial non-infringing use. The Moen Diverters are especially made, Defendant sells the Moen Diverters and the Moen Diverters are used by purchasers solely as a component of devices that embody claims 1, 2, 4 and 9 of the '510 Patent. There are no usual, non-far-fetched, non-illusory, practical, non-occasional, non-aberrant or non-experimental uses for the Moen Diverters that do not infringe claims 1, 2, 4 and 9 of the '510 Patent. The Moen Diverters are tailored specifically to attach to a shower water supply spout, a fixed showerhead and a handheld sprayer, and to provide a device for holding the attached handheld sprayer. They do not have ordinary non-infringing uses.

19. Defendant has further infringed and infringes the claims of the '510 Patent by inducing others, including purchasers to assemble, install and use the infringing products.

20. By selling the Moen Showerheads, and through its advertising and promotional materials and the instructions included with the Moen Showerheads, Defendant encourages and

instructs purchasers to assemble, install and use on an ongoing basis the infringing shower products. Defendant's product listings and promotional materials encourage assembly, installation and use of the infringing products by, among other things, depicting the products fully assembled and promoting their functionality. Defendant's instructions included with the Moen Showerheads induce infringement by instructing purchasers to assemble, install and use the products. By their nature, the Moen Showerheads do not have substantial non-infringing uses. The components thereof cannot be assembled or combined into any ordinary or practical device that does not infringe the '510 Patent. Defendant sells the Moen Showerheads for the sole purpose of assembly, installation and use by purchasers and with the knowledge and intent that purchasers will thereby infringe the '510 Patent.

21. Through this Complaint, Interlink has notified Defendant of the '510 Patent and of the infringing nature of the Moen Showerheads.

22. Defendant's sale and continued sale of the Moen Showerheads is in willful, knowing disregard of the '510 Patent and intentionally induces infringement of the '510 Patent by purchasers.

23. On information and belief, Defendant imports and sells or has imported and sold other dual showerhead products and Holder/Diverters that embody one or more of the claims of the '510 Patent.

24. Defendant has engaged in the foregoing acts of infringement despite an objectively high likelihood that its actions constitute infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Defendant.

25. At all relevant times, Interlink sells and has sold products that compete directly with Defendant's infringing dual showerhead products. As a result of Defendant's infringement Interlink has suffered direct competitive harm, loss of goodwill, and lost sales.

26. Defendant's infringement is ongoing and has injured and will continue to injure Interlink unless and until this Court enters an injunction prohibiting further direct, contributory and induced infringement, including enjoining further sale of Defendant's infringing products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Defendant, granting the following relief:

A. An award of damages sufficient to compensate Interlink for Defendant's direct and indirect infringement of the '510 Patent, including Interlink's lost profits and/or reasonable royalties for the infringement, and any other relief provided for under 35 U.S.C. § 284, together with prejudgment interest from the date that Defendant's infringement of the '510 Patent began;

B. Increased damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to Interlink of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A preliminary and permanent injunction prohibiting further infringement, inducement of infringement and contributory infringement of the '510 Patent; and

E. Such other and further relief as this Court or a jury may deem proper and just.

Dated: October 24, 2016					Respectfully submitted,

								The Law Office Of
								JASON B. LATTIMORE, ESQ. LLC


								By  s/ Jason B. Lattimore
								      Jason B. Lattimore
								      55 Madison Avenue, Suite 400
								      Morristown, NJ 07960
								      Telephone: (973) 998-7477
								      Facsimile: (973) 264-1159

								      *Attorneys for Plaintiff*
								      *Interlink International Products, Inc.*

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable by jury.

Dated: October 24, 2016					Respectfully submitted,

								The Law Office Of
								JASON B. LATTIMORE, ESQ. LLC


								By  s/ Jason B. Lattimore
								      Jason B. Lattimore
								      55 Madison Avenue, Suite 400
								      Morristown, NJ 07960
								      Telephone: (973) 998-7477
								      Facsimile: (973) 264-1159

								      *Attorneys for Plaintiff*
								      *Interlink International Products, Inc.*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The undersigned hereby certifies that, to the best of his knowledge, this matter is not the subject of any other action pending in any court, or any pending or contemplated arbitration or administrative proceeding.  However, the patent at issue in this suit is the subject of three other cases involving similar accused devices and overlapping asserted patent claims, pending under docket numbers 2:16-cv-2153 (MCA)(LDW), 2:16-cv-1142 (MCA)(LDW) and 2:16-cv-7719 (MCA)(LDW).

Dated: October 24, 2016             Respectfully submitted,

                                                       The Law Office Of
                                                      JASON B. LATTIMORE, ESQ. LLC

                                                       By  s/ Jason B. Lattimore
                                                           Jason B. Lattimore
                                                           55 Madison Avenue, Suite 400
                                                           Morristown, NJ 07960
                                                           Telephone: (973) 998-7477
                                                           Facsimile: (973) 264-1159

                                                           *Attorneys for Plaintiff*
                                                           *Interlink International Products, Inc.*